UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MAXIMUS JACK,
Plaintiff,

-against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff MAXIMUS JACK, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MAXIMUS JACK is a twenty-four-year-old man.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority, and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On January 16, 2025, plaintiff traveled by car to his mother's house located at 168-

32 105th Street, Jamaica, Queens.

13. After arriving, plaintiff was on the front stoop of his mother's house when he walked back to his car, which was legally parked on the corner.

14. He then returned to his mother's house.

15. While walking back toward his mother's house, plaintiff heard police sirens.

16. Police vehicles drove past him, and the last vehicle, an unmarked car, stopped at the corner in front of his mother's house.

17. Plaintiff entered his mother's house and began to close the door behind him.

18. As he closed the door, he felt the door being pushed open from outside.

19. Plaintiff opened the door.

20. Multiple plainclothes NYPD officers were at the door.

21. They told plaintiff to freeze and put his hands up.

22. Plaintiff complied, with his hands raised.

23. Despite plaintiff's compliance, defendant officer JOHN DOE 1 punched plaintiff in the face while he was in the doorway of the house with his hands raised.

24. Plaintiff fell.

25. When plaintiff attempted to get up, defendant officer JOHN DOE 1 punched him in the face again.

26. Defendant officers then dragged plaintiff out of the house, and an officer placed his foot on plaintiff's back while handcuffing him.

27. After plaintiff was handcuffed and outside the house, the officers searched him.

28. Plaintiff's mother witnessed the incident from inside the house and came outside.

29. She told the officers that plaintiff had done nothing wrong.

30. In response, an officer pushed her back on the sidewalk and told her to back up.

31. Plaintiff was handcuffed and transported to the 103rd Precent where he was held for a period of time before being transported to the 115th Precinct.

32. Plaintiff was then released from the 115th Precinct and transported back to the 103rd Precinct where he was falsely charged with resisting arrest.

33. Plaintiff appeared in Queen County Criminal Court on January 17th, 2025, where all charges against him were dismissed and sealed.

34. Defendants JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise directly participated in the aforementioned misconduct.

35. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff MAXIMUS JACK of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the CITY OF NEW YORK including, without limitation, the inadequate screening, hiring, training, and supervising its employees. Specifically, the CITY OF NEW YORK has failed to train its police officers in the proper methods of investigation and the probable cause required to make an arrest.

41. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding proper and necessary use of force, deescalation, and the ramifications of lying, and further aware that they engage in widespread practices of use of unreasonable force and falsification.

42. Defendant CITY OF NEW YORK is further aware that such improper training and practices have often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

43. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

44. All of the aforementioned acts deprived plaintiff MAXIMUS JACK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. As a result of the foregoing, plaintiff MAXIMUS JACK sustained, *inter alia*, serious physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment/Unreasonable Search under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant officers searched, seized, and otherwise arrested plaintiff MAXIMUS JACK without probable cause, causing him to be detained against his will for an extended period

of time and subjected to physical restraints.

51. Defendant officers apprehended, searched, and caused plaintiff MAXIMUS JACK to be falsely arrested and unlawfully imprisoned.

52. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff MAXIMUS JACK.

55. Defendants caused plaintiff MAXIMUS JACK to be prosecuted without any probable cause until the charges were dismissed on or about September 23, 2023.

56. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The level of force employed by defendants was excessive, objectively

unreasonable, and otherwise in violation of plaintiff MAXIMUS JACK'S constitutional rights.

59. As a result of the aforementioned conduct of defendants, plaintiff MAXIMUS JACK was subjected to excessive force and sustained serious physical injuries and emotional distress.

60. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendant officers withheld known exculpatory evidence and initiated a prosecution against plaintiff MAXIMUS JACK.

63. As a result of defendants' failure to convey known exculpatory evidence to the Queens County District Attorney's Office plaintiff MAXIMUS JACK suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

64. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants had an affirmative duty to intervene on behalf of plaintiff MAXIMUS JACK, whose constitutional rights were being violated in their presence by other officers.

67. The defendants failed to intervene to prevent the unlawful conduct described herein.

68. As a result of the foregoing, plaintiff MAXIMUS JACK was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

69. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72. The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, engaging in inadequate investigations and manufacturing evidence. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff MAXIMUS JACK'S rights

as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff MAXIMUS JACK.

74. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MAXIMUS JACK as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MAXIMUS JACK as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MAXIMUS JACK was unlawfully arrested and maliciously prosecuted.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MAXIMUS JACK'S constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff MAXIMUS JACK of federally protected rights, including, but not limited to, the right:

A. To be free from false arrest/unlawful imprisonment;

C. To be free from malicious prosecution;

D. To be free from deprivation of his right to fair trial;

E. To be free from unreasonable force; and

F. To be free from the failure to intervene.

79. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. As a result of the foregoing, plaintiff MAXIMUS JACK was placed in apprehension of imminent harmful and offensive bodily contact.

82. As a result of defendants' conduct, plaintiff MAXIMUS JACK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83. The individually named defendants assaulted plaintiff. Defendant CITY OF NEW YORK, as employer of each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

84. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants made offensive contact with plaintiff MAXIMUS JACK without privilege or consent.

87. As a result of defendants' conduct, plaintiff MAXIMUS JACK suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88. Defendant CITY OF NEW YORK, as employer of each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

89. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendants arrested plaintiff MAXIMUS JACK without probable cause.

92. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

93. As a result of the aforementioned conduct, plaintiff MAXIMUS JACK was

unlawfully imprisoned in violation of the laws of the State of New York.

94. As a result of the aforementioned conduct, plaintiff MAXIMUS JACK suffered emotional injury and loss of freedom.

95. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

96. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York against all defendants)

97. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff MAXIMUS JACK.

99. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

100. Defendants caused plaintiff MAXIMUS JACK to be prosecuted without probable cause until the charges were dismissed.

101. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered plaintiff MAXIMUS JACK.

104. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

105. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TWELVTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

108. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs,

and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(N.Y.C Administrative Code §§ 8-801 through 8-807)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Plaintiff MAXIMUS JACK'S rights to be free from excessive force and failure to intervene were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

111. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

112. Qualified immunity is no defense to this claim.

113. As a result of the foregoing, plaintiff MAXIMUS JACK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff MAXIMUS JACK demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 16, 2026

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff MAXIMUS JACK
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By: Brett Klein
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MAXIMUS JACK,

Plaintiff,

-against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132